UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

THOMAS and SARAH GILLONS,                                               No. 15-10138

Debtor(s).
_____/

Memorandum and Order Reopening Case
_____

     The U.S. Commodity Futures Trading Commission has filed a somewhat confused application to reopen this Chapter 7 case. The application contains some correct and some incorrect assertions.

     The application seems to confuse an assertion that a particular debt is nondischargeable (§ 523 of the Bankruptcy Code) with an objection to discharge (§ 727). As to the former, it is now too late to file a dischargeability action under § 523(a)(2) for fraud. However, if a creditor had no knowledge of the bankruptcy in time to file a dischargeability action for fraud and can show that if it had been given timely information it would have been entitled to judgment under § 523(a)(2), then it has a right to a judgment declaring its claim nondischargeable under § 523(a)(3)(B). *In re Lochrie,* 78 B.R. 257, 259 (9ᵗʰ Cir.BAP 1987). There is no deadline for an action under § 523(a)(3)(B).

     There is no such thing as a "late objection to discharge" after the discharge has been entered, as extension of the time to object after the discharge has been entered is specifically forbidden by Rules 9006(b) and 4004(b)(2) of the Federal Rules of Bankruptcy Procedure. However, in certain circumstances an entered discharge can be revoked pursuant to § 727(d) and (e). This requires an

1

adversary proceeding pursuant to Rule 7001(4).

The court is unsure why the CFTC has set a hearing on its application to reopen, as reopening a case is a ministerial *ex parte* matter. *In re Menk*, 241 B.R. 896, 914-16 (9th Cir. BAP 1999).

For the foregoing reasons, IT IS ORDERED as follows:

1. This case is REOPENED. No trustee is necessary. The fee is waived.

2. The hearing date of July 24, 2015, is VACATED as unnecessary.

3. Insofar as the CFTC seeks leave to file a late objection to discharge, its motion is DENIED without prejudice to an appropriate adversary proceeding to revoke the discharge.[1]

Dated: July 2, 2015

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[1]In order to successfully revoke the discharge, the CFTC must show more than the mere fact that it was not given the opportunity to object; it must also show that grounds exist under § 727 for denial or revocation. Its application seems to speak only to dischargeability and contains no allegation the court can see which, if true, would result in loss of the discharge. If the CFTC has a meritorious ground for a determination that its claim is nondischargeable, it may well not care whether or not the discharge is revoked.

2